**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

REX BAGLEY,

Plaintiff,

v.

ROBERT H. THOMPSON, in his official capacity as Administrator of the Nevada Division of Welfare and Supportive Services,

Defendant.

Case No. 3:26-CV-00236-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Rex Bagley's ("Bagley") *pro se* complaint, (ECF No. 1-1), and application to proceed *in forma pauperis*, (ECF No. 1). For the reasons discussed below, the Court recommends Bagley's application to proceed *in forma pauperis* be granted, and his complaint be dismissed without leave to amend.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Bagley submitted what appears to be an IFP application he created himself instead of the court-approved form required by Local Rule LSR 1-1. (*See* ECF No. 1.) Nevertheless, because Bagley's application contains sufficient information for the Court to make a determination, the Court will excuse his improper filing. Having reviewed Bagley's application, the Court finds Bagley is unable to pay the filing fee and recommends his IFP application, (ECF No. 1), be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6).

*See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

///

///

///

**III.    SCREENING OF COMPLAINT**

Bagley asserts several claims against Defendant Robert H. Thompson ("Thompson") in his official capacity as the administrator of the Nevada Division of Welfare and Supportive Services ("DWSS"). (ECF No. 1-1.) All of Bagley's claims stem from the fact DWSS notified Bagley his Supplemental Nutrition Assistance Program ("SNAP") benefits would expire at the end of February 2026 because he was classified as an able-bodied adult without dependents ("ABAWD") and had not worked the required hours to maintain his benefits. (*Id.* at 10-16; *see also* ECF No. 1-3 at 2-4.) Bagley disagreed with DWSS's determination and requested a hearing, which he alleges never occurred. (ECF No. 1-1 at 8-9.) Bagley therefore claims he was denied due process and asks the Court for declaratory and injunctive relief to ensure his benefits are maintained until DWSS holds a hearing and finally adjudicates his objection. (*Id.* at 17-18.)

All of Bagley's claims fail as a matter of law, however, because they are not ripe for review. As Bagley concedes, DWSS reinstated his benefits through July 31, 2026. (ECF Nos. 1-3 at 33; 1-4 at 2.) Bagley has therefore not been injured by any DWSS action, and any argument that he *will* be injured in the future is hypothetical and does not present a live case or controversy. *See Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) ("In the absence of an immediate and certain injury to a party, a dispute has not 'matured sufficiently to warrant judicial intervention.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n. 10 (1975))). The Court therefore lacks jurisdiction to hear Bagley's claim. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction.").[2] Accordingly, the Court recommends Bagley's complaint be

---

[2]    Even assuming the Court had jurisdiction, Bagley's claim nevertheless fails because he has not given DWSS an opportunity to adjudicate his objection. Under the federal regulations, DWSS is required to hold a hearing and reach a decision "[w]ithin 60 days of receipt of a request." 7 C.F.R. § 273.15(c)(1). DWSS received Bagley's hearing request on February 9, 2026, (ECF No. 1-3 at 6), which means DWSS had until April 10, 2026, to adjudicate Bagley's objection. However, Bagley prematurely filed his suit on April 3, 2026. (ECF No. 1-1.)

dismissed without leave to amend as amendment would be futile.

**IV.    CONCLUSION**

For the reasons stated above, the Court recommends that Bagley's IFP application, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed without leave to amend.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS RECOMMENDED** that Bagley's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Bagley's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: _April 10, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**