UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REX BAGLEY, | Case No. 3:26-cv-00236-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| ROBERT H. THOMPSON, in his official capacity as Administrator of the Nevada Division of Social Services, | |
| Defendant. | |

## I.   SUMMARY

*Pro se* Plaintiff Rex Bagley sues Robert H. Thompson in his official capacity as Administrator of the Nevada's Division of Social Services ("DSS") for actions relating to the termination of his Supplemental Nutrition Assistance Program ("SNAP") benefits. (ECF No. 16 ("Complaint").) Plaintiff filed an emergency motion for temporary restraining order and preliminary injunction. (ECF Nos. 12, 13 ("PI Motion").[1]) After screening Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), the Court dismissed four of Plaintiff's claims and allowed three others to proceed. (ECF No. 15 ("Screening Order").) In response, Plaintiff filed a motion for partial reconsideration. (ECF No. 19 ("Reconsideration Motion").) Plaintiff also filed two notices regarding developments in state court proceedings (ECF Nos. 24, 25) and a motion to expedite ruling on the PI Motion (ECF No. 26). For the reasons described below, the Court denies the PI Motion (ECF Nos. 12, 13) and the Reconsideration Motion (ECF No. 19).

///

///

---

[1]The Court set a shortened briefing schedule on the PI Motion. (ECF No. 15 at 13.) Defendant filed a response to the PI Motion (ECF No. 22) and Plaintiff filed a reply (ECF No. 23).

## II.      RELEVANT BACKGROUND

The Court incorporates here the background outlined in the Screening Order (ECF No. 15 at 2-3) and supplements with facts relevant to the pending motions. Plaintiff received a Notice of Decision ("NOD") from DSS on February 8, 2026 (ECF No. 22-2) and March 10 (ECF No. 22-4). Both NODs terminated Plaintiff's SNAP benefits due to his status as an able-bodied adult without dependents ("ABAWD") who had not met his work requirements. (ECF Nos. 22-2, 22-3.) Plaintiff requested hearings to dispute the adverse action. (ECF Nos. 1-3 at 6; 22 at 5.) On April 16, DSS sent Plaintiff a Basis of Action Hearing Packet ("Basis of Action") for Plaintiff's upcoming administrative hearing scheduled for May 4. (ECF Nos. 12 at 4, 9; 22 at 5). Plaintiff requested a seven-day extension, which DSS granted. (ECF Nos. 12 at 4, 9; 22 at 5-6.) The administrative hearing ("Agency Hearing") was ultimately held telephonically on May 11. (*Id.*) On May 15, DSS issued a decision affirming the termination of Plaintiff's SNAP benefits. (ECF No. 13 at 13-37.)

In March, Plaintiff sought injunctive relief against DSS in Nevada state court, seeking reinstatement of his SNAP benefits. (ECF No. 16 at 9.) The state court repeatedly denied Plaintiff's requests for relief. (ECF Nos. 1-3 at 64-69; 24.) On June 4, Plaintiff petitioned the Nevada Supreme Court for review. (ECF No. 24 at 3.) On June 16, the Nevada Supreme Court ordered an expedited briefing schedule on the matter. (ECF No. 25.)

Plaintiff filed the Complaint with this Court on April 3. (ECF No. 1-1.) On June 2, the Court screened Plaintiff's Complaint. (ECF No. 15.) In the Screening Order, the Court dismissed Plaintiff's equal protection claim (Count III), unconstitutional conditions claim (Count IV), ongoing violation of federal law claim (Count VI), and inadequacy of state remedies claim (Count VII). (*Id.* at 9-12, 13). The Court allowed Plaintiff's procedural due process claim (Count I), violation of federal regulation 7 C.F.R. § 273.15(c)(1) claim (Count II), and unlawful withholding of agency action claim (Count V) to proceed. (*Id.* at 5-9, 11, 13.)

Plaintiff now seeks partial reconsideration of the Screening Order. (ECF No. 19.) Plaintiff also seeks preliminary injunctive relief to reinstate his SNAP benefits and bar DSS from terminating those benefits. (ECF Nos. 12, 13.) The Court addresses each motion in turn.

**III.    RECONSIDERATION MOTION**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Plaintiff's Reconsideration Motion raises four challenges to the Court's Screening Order. (ECF No. 15) First, Plaintiff argues the Court committed manifest error through "self-directed" and "forced substitute" of Defendant. (ECF No. 19 at 1.) Specifically, Plaintiff objects to the substitution of Defendant Thompson in his official capacity as DSS administrator with the agency DSS. As Plaintiff recognizes, DSS is an "arm of the state" which enjoyed sovereign immunity from lawsuits under 28 U.S.C. § 1983, such as this one. (*Id.* at 2.) However, Plaintiff misunderstands the Court's instruction in the Screening Order. The Court did not direct substitution of Defendant Thompson with DSS. Instead, the Court directed the Clerk of Court to "amend the case title to reflect the correct agency name of the Defendant." (ECF No. 15 at 13.) As the Court explains in the Screening Order, Thompson is the Administrator of the *Division of Social Services*, not the Administrator of the *Division of Welfare and Supportive Services*, since the agency name was changed as of July 1, 2025. (*Id*. at 1 n.1.) The Court directed the correct agency

3

name to be updated in the case title but did not direct any substitution of the actual defendant. This update will not bar Plaintiff's claims against the remaining sole defendant, Thompson. Because the Court never substituted Defendant Thompson with DSS, Plaintiff's requested relief is denied as moot.

Second, Plaintiff argues the Court made a "clear error" in dismissing Count VII of the Complaint. (ECF No. 19 at 2.) In Count VII, Plaintiff argued that Nevada state court's dismissal of his case against DSS constituted an "independent due-process violation." (ECF No. 16 at 16.) Effectively, Count VII asked this Court to review and overturn the state court's decision to deny Plaintiff's claims. The *Rooker-Feldman* doctrine bars the Court from making such a de facto appeal of a state court judgement. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).[2] This doctrine applies whenever "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Where a plaintiff's requested relief would constitute a reversal or "undoing of the prior state court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003). Due process challenges of state court decisions, like Plaintiff alleged in Count VII, implicate the *Rooker-Feldman* doctrine. *See T. M. v. Univ. of Maryland Med. Sys. Corp.,* No. 25-197, 2026 WL 1751823, at *7 (U.S. June 18, 2026) (finding a due process challenge to a state court consent order in federal district court constituted a request for relief from a state-court judgement and was barred by the *Rooker-Feldman* doctrine); *see also Sliger v. Caramella*, No. 3:25-CV-00385-MMD-CSD, 2026 WL 1679291, at *2 (D. Nev. June 10, 2026) (finding a due process challenge to a state court's custody determination constituted a "de facto challenge to a state-court judgement" and was therefore barred

---

[2]Federal review of a state court judgement is only possible by filing a petition for writ of certiorari with the Supreme Court of the United States. *See Feldman*, 460 U.S. at 482; *T. M. v. Univ. of Maryland Med. Sys. Corp.,* No. 25-197, 2026 WL 1751823, at *6 (U.S. June 18, 2026).

under the *Rooker-Feldman* doctrine). Plaintiff's notice to the Court that the Nevada Supreme Court is actively engaged in reviewing the relevant state court decision only further confirms that federal district court is not the appropriate jurisdiction to challenge these state court proceedings. (ECF No. 25.) Therefore, the Court affirms its ruling dismissing Count VII from the Complaint and denies Plaintiff's request for reconsideration.

Third, Plaintiff challenges footnote six in the Screening Order. In this footnote, the Court clarified that since filing his Complaint, Plaintiff received a Basis of Action from DSS. (ECF No. 15 at 8 n.6.) The Court made this clarification because in Count II of the Complaint,[3] Plaintiff alleged DSS violated 7 C.F.R. § 273.13(a)(1) in part "by refusing to provide written explanations for adverse actions." (ECF No. 16 at 12-13.) When Plaintiff filed his Complaint, Plaintiff had not received the Basis of Action. Through this footnote, the Court clarified that Plaintiff had now received a written explanation for the adverse action, undermining Plaintiff's proffered basis for claiming DSS violated 7 C.F.R. § 273.13(a)(1).[4] Plaintiff emphasizes that "due process requires timely and adequate notice" and argues that "[t]he post-litigation[5] 'Basis of Action' does not render the initial notice violations moot." (ECF No. 19 at 3.) However, the Court never held that the Basis of Action mooted Plaintiff's procedural due process claims regarding insufficient notice. In fact, the Court allowed Plaintiff's procedural due process claim (Count I) to proceed and clarified that the notice issues Plaintiff identified "may go to his first claim of procedural due process." (ECF No. 15 at 8.) Moreover, Plaintiff makes no specific request

---

[3]In the Screening Order, the Court allowed Count II to proceed but only as to the alleged violation of 7 C.F.R. § 273.15(c)(1). (ECF No. 15 at 5-9, 13.)

[4]Notably, as the Court identified in the Screening Order and which Plaintiff does not contest, the cited regulation does not require written notice of adverse actions but rather requires *timely* notice. (ECF No. 15 at 8 (citing 7 C.F.R. § 273.13(a)(1)).) The Court dismissed this allegation within Count II because Plaintiff does not allege any of the notices he received were untimely. (*Id.*) Plaintiff does not challenge this conclusion in his Reconsideration Motion. (ECF No. 19.)

[5]The Court disagrees with Plaintiff's characterization of the Basis of Action as "post-hoc" and "post-litigation." (ECF No. 19 at 3.) Plaintiff filed his Complaint and the Magistrate Judge issued an Report and Recommendation before DSS issued the Basis of Action. (ECF Nos. 1-1, 5.) However, the Basis of Action was still issued more than two weeks before Plaintiff's scheduled hearing with DSS. (ECF No. 22 at 5.)

for reconsideration in disputing this footnote. As noted, the Court already allowed Counts I and II to proceed. Therefore, to the extent Plaintiff seeks reconsideration of the Screening Order on this basis, the Court denies the request.

Finally, Plaintiff argues the Court's delay in screening his Complaint constitutes "manifest injustice." (ECF No. 19 at 3.) First, Plaintiff does not identify how or why this delay merits reconsideration of the Court's legal determination that he failed to state a claim in Counts III, IV, VI, and VII of his Complaint. Second, "[d]istrict courts have inherent power to control their dockets" including by taking appropriate action to ensure matters are resolved efficiently. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Given the Court's case load and limited resources, delays in review are an inevitable reality.

In sum, the Court denies Plaintiff's Reconsideration Motion. (ECF No. 19.)

## IV.    PRELIMINARY INJUNCTION MOTION

A preliminary injunction "is a matter of equitable discretion." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). It is an "extraordinary remedy" awarded only when the moving party makes a "clear showing" they are entitled to the relief. *Id.* A party seeking this relief must prove four prongs: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter,* 555 U.S. at 20.

Defendant argues that Plaintiff relies on two sets of facts in his PI Motion that are "improperly plead" because they are not included in Plaintiff's Complaint. (ECF No. 22 at 13.) Defendant cites *James v. Dependency Legal Group* to support the contention that a plaintiff who discovers new facts must "plead new claims as to those facts in an amended complaint." *(Id. (*citing 253 F. Supp. 3d 1077 (S.D. Cal. 2015)).)* First, this Southern District of California case is not binding on the Court here.[6] Second, this case and the Ninth

---

[6]The Court notes that Defendant failed to properly identify the source of this case law. (ECF No. 22 at 13.)

Circuit precedent it relies upon pertains to motions for summary judgement, not preliminary injunction motions. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiff counters that "facts that develop during litigation that are part of the same nucleus of operative fact [as the allegations in the complaint] can be properly considered" in a preliminary injunction motion. (ECF No. 23 at 6-7.) While Plaintiff fails to identify the relevant Ninth Circuit case law, the Court liberally construes his *pro se* briefing as invoking *Pacific Radiation Oncology, LLC v. Queen's Medical Center* 810 F.3d 631, 636 (9th Cir. 2015). In *Pacific Radiation*, the Ninth Circuit held that the district court did not abuse its discretion by denying a motion for preliminary injunction that "was unrelated to the underlying complaint." 810 F.3d at 633-36. In the PI Motion here, Plaintiff alleges facts related to the Agency Hearing which occurred after Plaintiff filed his Complaint. While these specific factual allegations are not contained within the Complaint, there is clearly a "relationship or nexus to the underlying complaint." *Id.* at 637. These later factual developments, specifically regarding Plaintiff's ability to cross-examinate and Defendant's employing of certain evidence at the Agency Hearing, directly relate to Plaintiff's procedural due process claim which the Court allowed to proceed. This is not a case where the preliminary injunction "deals with a matter lying wholly outside the issues in the suit." *Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir. 2009) (quoting *De Beers Consolidated Mines, Ltd. v. United States,* 325 U.S. 212, 217 (1945)).

However, the Ninth Circuit's rule in *Pacific Radiation* ultimately bars Plaintiff's PI Motion. In order for "[t]he relationship between the preliminary injunction and the underlying complaint" to be "sufficiently strong," the preliminary injunction must grant "relief of the same character as that which may be granted finally." *Pacific Radiation*, 810 F.3d at 636 (quoting *De Beers,* 325 U.S. at 220). In his PI Motion, Plaintiff seeks "restoration of [his] SNAP benefits" and an injunction "prohibiting Defendant from terminating or reducing [his] SNAP benefits." (ECF No. 12 at 6-7.) After screening the

Complaint, the remaining underlying claims pertain to procedural violations DSS allegedly committed in terminating Plaintiff's SNAP benefits. None of Plaintiff's remaining claims challenge the underlying basis for terminating Plaintiff's SNAP benefits: that Plaintiff is an ABAWD who has not met the mandatory work requirements. The "relief…that which may be granted finally" under the Complaint is monetary damages and injunctive relief remedying these procedural inadequacies. *De Beers,* 325 U.S. at 220. In this way, the relief Plaintiff seeks in the PI Motion is not "of the same character as that which may be granted finally" under the Complaint. *Id.* Because Plaintiff seeks "a remedy that will not be provided if [Plaintiff] succeeds in its underlying [] suit," the Court denies Plaintiff's PI Motion. *Pacific Radiation*, 810 F.3d at 637.[7]

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for partial reconsideration (ECF No. 19) is denied.

It is further ordered that Plaintiff's motions for a temporary restraining order and preliminary injunction (ECF Nos. 12, 13) are denied.

///

///

///

///

---

[7]Plaintiff claims that "[t]he consequence" of violating the federal regulation mandating a 60-day decision deadline "is clear: the agency 'must reinstate the household's benefits.'" (ECF No. 23 at 4.) Plaintiff cites 7 C.F.R. § 273.15(c)(1) to support this conclusion and quotation. However, the quoted language does not appear anywhere within the cited regulation. The relevant Ninth Circuit case law on violations of this particular regulation indicates that the appropriate remedy would be "an injunction compelling the defendants to hold hearings and issue administrative decisions…within federally prescribed time limits." *Withrow v. Concannon*, 942 F.2d 1385, 1386 (9th Cir. 1991).

8

It is further ordered that Plaintiff's motion to expedite review (ECF No. 26) is denied as moot.

DATED THIS 18th Day of June 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9